**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| LARRY NEVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| CITYWIDE DELIVERY, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

COMES NOW the Plaintiff, Larry Neville ("Neville"), by counsel, and for his causes of action against the Defendant, Citywide Delivery, Inc. ("Citywide"), states and alleges as follows:

**<u>I.  INTRODUCTION</u>**

1.      Neville worked for Citywide as a full time truck driver doing pick-ups and deliveries for approximately three (3) years until his termination from employment on or about August 14, 2019.  On or about March 8, 2019, Neville had a left shoulder replacement surgery (not work related), and, on or about August 6, 2019, Neville had a fistula surgery which was reported to his employer, Citywide.  Neville had health insurance through an Employee Welfare Benefit Plan ("Plan") with the company through Physicians Health Plan ("PHP").  At the time of his termination from employment on or about August 14, 2019, Neville was informed by the company that they could not afford to keep him around anymore because he was causing their insurance rates to rise.

On or about September 11, 2019, Neville, by counsel, requested, in writing, from Citywide a copy of the Employee Welfare Benefit Plan and any Summary Plan Description of that plan.  Neville's counsel never received a response to that request which is a violation of the ERISA

Regulations (to not provide a response and the document within 30 days) subjecting Citywide to a penalty of up to $110 (one hundred and ten dollars) a day plus attorney's fees and costs.

In addition, at the time of his termination on or about August 14, 2019, Neville was owed two weeks' vacation pay by Citywide which he demanded in the September 11, 2019 letter to which no response was ever received.

Neville brings this action for retaliatory discharge under Section 510 of ERISA, for violation of the ERISA Regulations requiring the Plan Administrator to provide him with a copy of the Plan and Summary Plan Description within thirty (30) days after written request, and for failing to pay him his vacation pay, and, pursuant to I.C. 22-2-9-2, liquidated damages of twice that amount plus his attorney's fees and costs.

## II.  PARTIES

2.        Neville is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3.        Citywide is a corporation organized and existing under and by virtue of the laws of the State of Indiana with its principal place of business located at 7005-D ST RD 930 E, Fort Wayne, IN 46803.

## III.  JURISDICTION

4.        This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 because action for his wrongful termination from employment arises out of the Employee Retirement Income Security Act Section 510, 29 U.S.C. § 1140.  In addition, Section 510 expressly provides that Section 502 of ERISA is applicable in the enforcement of Section 510 claims.  As such, the District Courts of the United States, in accordance with Section 502(e)(1) of ERISA, have exclusive jurisdiction of all claims brought under Section 510.

## IV.  FACTS

5.	Neville incorporates by reference Paragraphs 1-4 of his Complaint as if same were fully set forth herein.

6.	Neville began his employment with Citywide on or about 2016 and worked for Citywide at its New Haven, Indiana facility doing pick-ups and deliveries full time for the company.

7.	As an employee with Citywide, Neville was a participant in and beneficiary of the Citywide Employee Welfare Benefit Plan providing health insurance through PHP.

8.	On or about March 8, 2019, Neville had left shoulder replacement surgery which was not work related.

9.	On or about August 6, 2019, Neville had fistula surgery and informed the company of same and how long he would be out of work.

10.	 At the time Neville was terminated on or about August 14, 2019, he was told by the company that they could not afford to keep him around anymore because his use of the benefits under the plan was causing their rates to increase.

11.	On or about September 11, 2019, Neville, in writing, requested a copy of the Employee Welfare Benefit Plan and a copy of the Summary Plan Description.   To date, he has received no response.

12.	At the time of his termination from employment, Neville was owed two weeks' vacation pay.  Despite demand for payment of his vacation pay, Neville has yet to receive it and Citywide has refused and continues to refuse to pay him.

## V.  STATEMENT OF CLAIMS
### COUNT I
### SECTION 510 ERISA CLAIM – RETALIATION FOR EXERCISING BENEFITS UNDER THE PLAN

13.     Neville incorporates by reference Paragraphs 1-12 of his Complaint as if same were fully set forth herein.

14.     Citywide violated Section 510 of ERISA when it terminated Neville because he had exercised his rights under the Employee Welfare Benefit Plan.

15.     As a result of his wrongful termination from employment, Neville has suffered damages including lost pay and benefits.

### COUNT II
### PENALTY AND ATTORNEY'S FEES FOR FAILURE TO PROVIDE THE PLAN AND SUMMARY PLAN DESCRIPTION AS REQUIRED BY LAW

16.     Neville incorporates by reference Paragraphs 1-15 of his Complaint as if same were fully set forth herein.

17.     On September 11, 2019, Neville, by counsel, requested, in writing, a copy of his Employee Welfare Benefit Plan along with a copy of the Summary Plan Description.

18.     To date, Neville has not received a copy of his plan or a copy of the Summary Plan Description as required by law.

19.     As a result of Citywide's failure to provide Neville with a copy of his plan or Summary Plan Description, as required by law, Citywide is subject to a penalty of up to $110 (one hundred and ten dollars) per day plus attorney's fees and costs.

### COUNT III
### FAILURE TO PAY VACATION PAY

20.     Neville incorporates by reference Paragraphs 1-19 of his Complaint as if same were fully set forth herein.

21.     Pursuant to Indiana Law, Neville was entitled to receive his vacation pay on the next regular payday following his termination from employment.

22.     Citywide has failed to pay Neville his two weeks of vacation pay due and owing.

23.     Pursuant to I.C. 22-2-9-2, Neville is entitled to the amount of the vacation pay due and owing (two weeks) plus liquidated damages of ten percent (10%) per day up to double the amount of vacation pay due and owing plus attorney's fees and costs.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Neville prays for judgment in his favor and the following relief:

a)  back pay to compensate him for lost pay and benefits from the date of his termination on or about August 14, 2019 to the date of trial;

b)  front pay and benefits;

c)  a penalty of $110 (one hundred and ten dollars) per day from October 11, 2019 to the date of compliance, plus costs and attorney's fees;

d)  an award to compensate him for two weeks' vacation pay;

e)  liquidated damages in the amount of double the amount of his vacation pay together with attorney's fees and costs;

f)  costs of this action;

g)  all other further relief appropriate under the circumstances.

Respectfully submitted,
**THEISEN & ASSOCIATES, LLC**

/s/ John C. Theisen_____
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*